IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOADIN TECHNOLOGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No._____ |
| | ) |
| DOW JONES & COMPANY, INC. and | ) |
| MARKETWATCH, INC. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Boadin Technology, LLC ("Boadin"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Boadin is a Delaware limited liability company with a place of business located at 113 Barksdale Professional Center, Newark, Delaware 19711.

2. Defendant Dow Jones & Company, Inc. ("Dow Jones") is a Delaware company with, upon information and belief, a place of business located at 1155 Avenue of the Americas, 7th Floor, New York, New York 10036.

3. Defendant MarketWatch, Inc. ("MarketWatch") is a Delaware company with, upon information and belief, a place of business at 201 California Street, 13th Floor, San Francisco, California 94111.

4. Upon information and belief, MarketWatch is a wholly owned subsidiary of Dow Jones.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7. Upon information and belief, Dow Jones and MarketWatch conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

8. Venue is proper in this District pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

9. On July 10, 2012, United States Patent No. 8,219,615 (the "'615 patent"), entitled "Instantaneous Symbol Lookup," was duly and lawfully issued by the USPTO. A true and correct copy of the '615 patent is attached hereto as Exhibit A.

10. On July 10, 2012, United States Patent No. 8,219,906 (the "'906 patent"), entitled "Instantaneous Symbol Lookup," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '906 patent is attached hereto as Exhibit B.

11. Boadin is the assignee and owner of the right, title and interest in and to the '615 and '906 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,219,615

12. Boadin repeats and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Without license or authorization and in violation of 35 U.S.C. § 271(a), Dow Jones has infringed and continues to infringe one or more claims of the '615 patent

by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the websites www.online.barrons.com, www.smartmoney.com and www.wsj.com (collectively, the "Dow Jones Websites"), that embody the subject matter claimed in the '615 patent. Copies of relevant portions of the Dow Jones Websites are attached as Exhibits C-E.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), MarketWatch has infringed and continues to infringe one or more claims of the '615 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation the website www.marketwatch.com (the "MarketWatch Website"), that embody the subject matter claimed in the '615 patent. A copy of relevant portions of the MarketWatch Website is attached as Exhibit F.

15. Boadin is entitled to recover from Dow Jones and MarketWatch the damages sustained by Boadin as a result of the their infringement of the '615 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,219,906**

16. Boadin repeats and realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

17. Without license or authorization and in violation of 35 U.S.C. § 271(a), Dow Jones has infringed and continues to infringe one or more claims of the '906 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the

United States and/or importing into this district and elsewhere in the United States, certain computer program products, including without limitation via the Wall Street Journal iPad app (the "WSJ iPad app"), that embody the subject matter claimed in the '906 patent.  A copy of relevant portions of the WSJ iPad app is attached as Exhibit G.

18. Boadin is entitled to recover from Dow Jones the damages sustained by Boadin as a result of Dow Jones' infringement of the '906 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Boadin hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Boadin requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Dow Jones and MarketWatch have infringed the '615 patent;

B. An adjudication that Dow Jones has infringed the '906 patent;

C. An award of damages to be paid by Bloomberg adequate to compensate Boadin for Dow Jones' and MarketWatch's past infringement of the '615 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs and expenses as justified under 35 U.S.C. § 284 and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. An award of damages to be paid by Dow Jones adequate to compensate Boadin for Dow Jones' past infringement of the '906 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs and

expenses as justified under 35 U.S.C. § 284 and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Boadin's reasonable attorneys' fees; and

  F. An award to Boadin of such further relief at law or in equity as the Court deems just and proper.

Dated: July 10, 2012        STAMOULIS & WEINBLATT LLC

              */s/ Richard C. Weinblatt*
              Stamatios Stamoulis #4606
                stamoulis@swdelaw.com
              Richard C. Weinblatt #5080
                weinblatt@swdelaw.com
              Two Fox Point Centre
              6 Denny Road, Suite 307
              Wilmington, DE 19809
              Telephone: (302) 999-1540

              *Attorneys for Plaintiff*
              *Boadin Technology, LLC*